IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-50,456-02






EX PARTE LANDIS CHARLES BARROW, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W-37055-02-D IN THE 320TH JUDICIAL DISTRICT COURT


FROM POTTER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
robbery in exchange for deferred adjudication probation. His guilt was later adjudicated, his
probation revoked, and he was sentenced to twenty years' imprisonment. The Seventh Court of
Appeals affirmed his conviction. Barrow v. State, No. 07-00-00039-CR (Tex. App. - Amarillo,
August 18, 2000, no pet.)

 Applicant contends, inter alia, that his guilt was adjudicated and his probation revoked on
the basis of the perjured testimony of now-discredited undercover drug task force agent Tom
Coleman. Applicant alleges that the State knowingly failed to provide the defense with material
impeachment evidence regarding Coleman's previous legal and employment troubles, and his
reputation for dishonesty. Applicant also alleges that his counsel at the adjudication/ revocation
proceedings was ineffective, because she failed to interview and subpoena available witnesses who
would have demonstrated that Applicant was innocent the alleged probation violations. 

 The State has filed an answer in which it notes that Applicant has previously raised
essentially the same claims in a previous habeas writ, which this Court denied on October 3, 2001. 
However, at the time of the filing and disposition of Applicant's first writ, the facts about Coleman's 
perjured testimony in the Tulia drug "sting" cases had not yet come to light. Because there is a new
factual basis for Applicant's claims, those claims are not barred by Tex. Code Crim. Proc. art. 11.07
§4, and this Court will consider the merits of the claims. 

 Applicant has alleged facts that, if true, might entitle him to relief. Brady v. Maryland, 373
U.S. 83 (1963); Ex parte Kimes, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993); Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall provide Applicant's revocation counsel with the opportunity to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a copy of the State's Motion to
Proceed to Adjudication in this cause. The trial court shall make findings of fact as to which of the
allegations in the Motion to Proceed were found to be true by the adjudicating court. The trial court
shall make findings as to whether the State was aware at the time of Applicant's adjudication that
the credibility of Tom Coleman was questionable, and if so, whether this information was provided
to the defense. The trial court shall make findings as to whether there was evidence exclusive of the
testimony of Tom Coleman sufficient to form the basis of the court's decision to proceed to
adjudication. The trial court shall also make findings of fact as to whether Applicant's adjudication
counsel was aware of the existence and proposed testimony of witnesses Laura Ann Mata, Mandis
Barrow, Eliga Kelly and Merlin Cooper, and if so, why such witnesses were not subpoenaed to
testify on Applicant's behalf at the revocation hearing. The trial court shall make findings as to
whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 5, 2008

Do not publish